United States District Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOR ESTER CAMPOS MEDRANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01561 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Flor Ester Campos Medrano, filed this petition to challenge her ongoing immigration detention. Respondents move to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that Petitioner has been removed from the United States. Doc. No. 6. Petitioner does not oppose the motion and does not dispute that she has been removed and that this case is now moot.

Because Petitioner is no longer in custody and there is no viable controversy, her petition must be dismissed as moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit"') (quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)).

1 / 2

Therefore, the Court **ORDERS** as follows:

1.  Respondents' motion to dismiss (Doc. No. 6) is **GRANTED.**

2.  This habeas petition is **DISMISSED** without prejudice as **MOOT.**

3.  All other pending motions, if any, are **DENIED as MOOT.**

4.  This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this _____25th_____ day of June 2026.

 

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE